**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDUL Q. MOHIBI,<br><br>            Plaintiff,<br><br>    v.<br><br>DETECTIVE JESSICA TAKEDA, et al.,<br><br>            Defendants. | Case No. 25-cv-7112-MWC-RAO<br><br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

On July 29, 2025, Plaintiff Abdul Q. Mohibi ("Plaintiff"), proceeding *pro se*, initiated this civil rights action, naming various law enforcement officers employed by the Simi Valley Police Department as defendants.[1]  Dkt. No. 1.  The Complaint pleads several causes of action – unlawful seizure in violation of the Fourth Amendment; retaliation for protected speech in violation of the First Amendment; violation of due process rights under the Fourth Amendment; *Monell* liability; and conspiracy to interfere with civil rights under 42 U.S.C. § 1985.  *Id*. at 3-4.  The Complaint also seeks emergency relief in the form of a temporary restraining order

---

[1] On August 1, 2025, the Clerk of the Court issued a Notice Re: Discrepancies in Filing Civil Rights Complaint, informing Plaintiff that he did not pay the appropriate filing fee of $405.00 or, alternatively, submit a Request to Proceed without Prepayment of Filing Fees.  Dkt. No. 2.

and preliminary injunction pursuant to Federal Rule of Civil Procedure 65. *Id*. at 6. The events underlying the initiation of this action relate to a July 18, 2025 encounter between Plaintiff and members of the Simi Valley Police Department in Ventura County, California, that resulted in Plaintiff's arrest and subsequent psychiatric hold. *Id*. at 2-3.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (citation omitted). The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

In seeking preliminary injunctive relief, the movant must establish that: (1) he is likely to succeed on the merits of his claims; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff must "make a showing on all four prongs" of *Winter* to obtain a preliminary injunction. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In the Ninth Circuit, courts apply a sliding-scale approach. *Id.* Under this approach, a preliminary injunction may issue where the plaintiff has raised "serious questions going to the merits"—rather than a more complete showing that it is likely to succeed on the merits—so long as the balance of hardships tips sharply in the plaintiff's favor and the plaintiff satisfies the other two *Winter* prongs. *Id.*

Plaintiff is not entitled to any preliminary injunctive relief under either *Winter* or *Alliance for the Wild Rockies*. To date, none of the defendants named in the Complaint have been served. As a result, the Court lacks personal jurisdiction over them. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine

1    the rights of persons not before the court." *Price v. City of Stockton*, 390 F.3d 1105,

2    1117 (9th Cir. 2004).  Additionally, Plaintiff has not satisfied the requirements for

3    requesting a temporary restraining order without written or oral notice to the adverse

4    party.  *See* Fed. R. Civ. P. 65(b)(1).

5         Accordingly, Plaintiff's Motion for Temporary Restraining Order and

6    Preliminary Injunction is DENIED.

7

8    DATED:  August 5, 2025

9    _____

10   MICHELLE WILLIAMS COURT
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28